## THE STATE v. DAVID GRATZ.

Submitted March 18, 1914—Decided November 3, 1914.

The clause "concealed in or about his clothes or person" found in section 1 of the act of 1912, chapter 225, was intended to be applicable to all the weapons named in that section; and a charge to the jury that a defendant was guilty of violating the act if he had a revolver on his person, without the qualification that such revolver must have been concealed, was error.

On error to the Cumberland Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the state, *J. Hampton Fithian*, prosecutor of the pleas.

For the plaintiff in error, *John W. Wescott*.

The opinion of the court was delivered by

PARKER, J. This is a writ of error from a conviction on an indictment for carrying concealed weapons.

The first point is that the court committed error in charging the jury that the defendant could be convicted under the concealed weapons count if he was found by them to have carried a blackjack. The language is this: "If he did have on his person the weapon alleged, he was carrying a weapon which the statute prohibits him from carrying without permission and of course would be guilty. If he did not, then he is not guilty." The criticism is that this does not qualify the carrying of the weapon by saying that he must be found to have concealed it as well as carried it. We think the point is well taken.

The language of the statute, chapter 225 of the laws of 1912, is this: "Any person who shall carry any revolver * * * blackjack * * * or any knife with a blade five

inches in length or over, concealed in or about his clothes or person, shall be guilty of a misdemeanor." A careful examination of the language of this section is persuasive that the phrase "concealed about his person" is intended to qualify all the weapons that are included in the catalogue in that section, and, consequently, in order to secure a conviction of carrying any of the weapons therein enumerated, it is necessary to show that they were concealed. It is urged in reply that a reading of the entire charge will demonstrate that the jury could not have understood the meaning of the court otherwise than that the weapon must be concealed, but we fail to see that this is plain. On the contrary, we think it is quite possible, if not likely, that the jury took the language of the court to mean that the mere carrying of the weapon, even if displayed, was sufficient to require a conviction.

This result makes it unnecessary to discuss the other points argued for the defendant below. The judgment of conviction will be reversed and the cause remanded for a new trial.